CSD 1001 [08/21/00]

Diane H. Gibson, Esq.(SBN 126358)
LAW OFFICE OF DIANE H. GIBSON
2755 Jefferson St., Ste. 203
Carlsbad, CA 92008
Phone: 760-720-0080
Fax: 760-434-6832
dgibsonlaw@gmail.com

Order Entered on
July 27, 2020
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

JUDY NELSON

Debtor.

BANKRUPTCY NO.: 19-02335-LA13
Date of Hearing: 7-22-2020
Time of Hearing: 10:00 a.m.
Name of Judge: Louise DeCarl Adler

# ORDER AUTHORIZING DEBTOR JUDY NELSON TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through seven (7) with exhibits, if any, for a total of eight (8) pages, is granted.  Motion/Application Docket Entry Nos. __37__

//
//
//
//
//
//

DATED: July 24, 2020

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

By: /s/ Diane H. Gibson
   Diane H. Gibson
   Attorney for Debtor

CSD 1001

DEBTOR: JUDY NELSON
CASE NO: 19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009 FREE AND CLEAR OF LIENS
_____

On the date and at the time set forth above, this matter came before the undersigned United States Bankruptcy Judge in the above-captioned Chapter 13 case of Judy Nelson ("Debtor") upon Debtor's "Motion for Order Authorizing Sale of Real Property Located at 331 Sioux Dr., Cheyenne, WY 82009" (11 U.S.C. § 363(f)) ("Motion").

Having given due consideration to the Motion, the declarations and other evidence submitted in support of the Motion, the record and proceedings in the above-captioned case, and for other good cause shown, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to approve the sale of the property ("Property") which is the subject of the Motion, free and clear of those liens, encumbrances, claims and interests identified in this Order, and to authorize the Debtor to enter into and perform in accordance with the Real Estate Sales Contract the Real Estate Sale Contract Extension (the "Agreements") copies of which were attached to the Declaration of Debtor in Support of the Motion (ECF Docket Entry No. 38). The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105 and 363, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004 and 9014.

2. Creditor U.S. Bank Trust National Association filed a Limited Response to Motion to Sell Property (ECF Docket Entry No. 45) stating that it has no opposition to the sale provided that the order provides that Secured Creditor shall receive its full payoff pursuant to an updated payoff statement good through the sale closing date. Paragraph E. 2 of this order contains the language requested by this Creditor and Creditor's counsel has approved the form of this Order as evidenced by her signature hereto.

The Chapter 13 Trustee, Thomas H. Billingslea, Jr., filed a Statement of Position (ECF Docket Entry No. 42) stating that he has no opposition to the sale provided that $44,743.53

DEBTOR:      JUDY NELSON
CASE NO:     19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009 FREE AND CLEAR OF LIENS
_____

is remitted to the Trustee's lockbox and the Trustee takes his prevailing fee on the amount of real estate arrears paid by escrow.  Paragraph G. of this order contains the language requested by the Trustee.

3.     The Property address is at 331 Sioux Dr., Cheyenne, WY 82009, and is described more particularly in Exhibit "A" attached hereto.

4.     Record title to the Property is vested in Debtor Judy Nelson.

5.     As set forth in the declarations of service filed with this Court in connection with the Motion, notice of the hearing on the approval of the Motion (the "Notice") was duly served on (a) all creditors and interested parties including parties requesting special notice, (b) each entity known to the Debtor to assert a lien, encumbrance or other interest in, or claim to, the Property to be affected by this Order, and (c) the Office of the Chapter 13 Trustee Thomas H. Billingslea, Jr., all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(i), 2002(k), 6004(a) and 6004(c).  Each entity known to the Debtor to assert a lien, encumbrance, claim or other interest in or to the Property to be affected by this Order was also served with a complete copy of the Motion, and all supporting declarations and pleadings filed by the Debtor in connection with the Motion (ECF Docket Entry Nos. 37 & 41).

6.     The Notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules; fully and adequately described the relief requested in the Motion and set forth the means by which the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion, could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Motion; and set forth the time, date and place for the hearing on the Motion.

DEBTOR:       JUDY NELSON
CASE NO:      19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009 FREE AND CLEAR OF LIENS
_____

7. The Property is allegedly subject to the liens, encumbrances and other interests of record as set forth in ALTA Settlement Statement Dated June 26, 2020 and attached to the Debtor's Declaration as Exhibit C-3.

| Nature of Interest | Name of Holder | Amount Scheduled By Debtor or Identified on ALTA Statement |
|---|---|---|
| 1st Deed of Trust: | U.S. Bank Trust National Association | See Footnote No. 1 below[1] |
| Other: | Laramie County Property Tax Collector | $1,149.90 |

8. Within the meaning of 11 U.S.C. § 363(f)(1), non-bankruptcy law permits the sale of the Property free and clear of any and all interests of lien or interest holders in the Property, including, without limitation, those liens, encumbrances or interests of such parties listed in Paragraph 7 above.

9. Within the meaning of 11 U.S.C. § 363(f)(2), U.S. Bank Trust National Association and the Laramie County Property Tax Collector have consented to the sale of the Property free and clear of any and all their liens, encumbrances or interests in the Property, including, without limitation, those liens, encumbrances and interests of such party listed in Paragraph 7 above.  The sales price of the Property is sufficient to satisfy the interests listed in Paragraph 7 in full.

10. The Debtor has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the

---

[1] Per updated payoff statement good through the sale closing date provided to escrow by U.S. Bank

4

DEBTOR:     JUDY NELSON
CASE NO:    19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009
FREE AND CLEAR OF LIENS
_____

circumstances of this case. In connection with the proposed sale, the Debtor has complied with all sale procedures established or required by this Court.

11. The highest and best offer to purchase the Property was the one received from James D. Ditzel (the "Purchaser") to purchase the Property for a purchase price of $285,000.00 on the terms and conditions set forth in the Agreements.

12. The terms and conditions of the sale transaction as provided for in the Agreements are fair and reasonable and the sale transaction contemplated by the Agreements is in the best interests of creditors, interest holders and the Estate.

13. Based on the record in this case, the findings of fact and conclusions of law set forth above and stated on the record pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED** that:

A. The Motion is granted as set forth herein;

B. The terms, conditions, and transactions contemplated by the Agreements are hereby approved in all respects, and the Debtor is hereby authorized under 11 U.S.C. §§ 105(a) and 363 (f) to sell the Property free and clear of those liens, claims, encumbrances and interests set forth below to the Purchaser on the terms and conditions provided in the Agreements;

C. The Debtor is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreements, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreements and the transactions contemplated thereby, (3) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering or transferring the Debtor's property as contemplated by the Agreements, and (4) take such other and further steps as are contemplated by the Agreements or reasonably required to fulfill the Debtor's obligations under the Agreements, all without further order of the Court;

5

DEBTOR:     JUDY NELSON
CASE NO:    19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009
FREE AND CLEAR OF LIENS
_____

     D.    The sale of the Property shall be free and clear of the ownership interests of the Owner of Record, and their predecessors and successors in interest; any unrecorded equitable or legal interests in the Property asserted by any person or entity, or their respective predecessors and successors in interest; the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Property; and the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, evidenced by the liens, encumbrances and interests of record set forth in Paragraph 7 herein;

     E.    After payment of all costs of sale, Debtor is hereby authorized to pay directly from the escrow all amounts due which are secured by the following liens and encumbrances;

        1.    Real Property Taxes; and

        2.    Undisputed deed of trust of U.S. Bank Trust National Association shall receive its full payoff pursuant to an updated payoff statement good through the sale closing date.

     F.    Escrow is hereby authorized to pay all other reasonable and customary escrow fees, recording fees, title insurance premiums, and closing costs necessary and proper to conclude the sale of the Property;

     G.    After payment by escrow of the claims identified in Paragraphs E. and F. above, escrow is authorized and directed to distribute the sum of $44,743.53 to the Chapter 13 Trustee Thomas H. Billingslea, Jr.  This sum includes the Trustee's prevailing fee on the amount of real estate arrears paid by escrow.  The payment shall reference "Judy Nelson, Case No. 19-02335-LA13" and shall be mailed to: Thomas H. Billingslea, Jr. Chapter 13 Trustee, PO Box 188, Memphis, TN, 38101.

     H.    After payment by escrow of the claims identified in Paragraphs E., F., and G above, escrow is authorized and directed to distribute any remaining net sale proceeds to Debtor Judy Nelson.

DEBTOR:     JUDY NELSON
CASE NO:    19-02335-LA13
ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED 331 SIOUX DR., CHEYENNE, WY 82009 FREE AND CLEAR OF LIENS
_____

      I.      This Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Agreements, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith; (2) compel delivery and payment of the consideration provided for under the Agreements; (3) resolve any disputes, controversies or claims arising out of or relating to the Agreements; and (4) interpret, implement, and enforce the provisions of this Order;

      J.      The validity of the sale approved hereby shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

Approved as to Form:
GHIDOTTI BERGER, LLP

_/s/ Angie Marth_____
Angie Marth, Esq.
Counsel for Creditor
U.S. Bank Trust National Association

7

LEGAL DESCRIPTION

Lot 11, Block 12, North Cheyenne, 2nd Filing, a Replat of North Cheyenne Subdivision, an Addition to the City of Cheyenne, Laramie County, Wyoming.

Exhibit A-1

Signed by Judge Louise DeCarl Adler July 24, 2020